IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff/<br>           Respondent,<br><br>     vs.<br><br>JESUS HUMBERTO CARDENAS-NAVA<br>aka CARLOS DANIEL GONZALEZ-<br>GARCIA,<br>           Defendant/<br>           Petitioner. | No. CR-F-04-5278 OWW<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION TO GRANT POLITICAL<br>ASYLUM |

Petitioner Jesus Humberto Cardenas-Nava, also known as Carlos Daniel Gonzalez-Garcia, proceeding *in pro per*, has filed a motion in which he requests the Court grant Petitioner political asylum. Petitioner asserts that, as part of his plea agreement with the United States, he was to be granted political asylum. Petitioner contends:

> [He] has already done his part of the deal, the fact at the time his attorney did not explain to Petitioner the whole ordeal how the political asylum works the fact that the attorney told him to sign all legal papers

```
         from the guilty plead, and that the
         Government talked about giving me the status
         of political asylum [sic].
```

Petitioner prays that the Court "grant him the proceedings for political asylum in which had already been offered to Petitioner by the Government."

Petitioner, represented by Stephen Mensel, was charged by Superseding Information with two counts of using a communication facility to facilitate a drug trafficking offense. On February 1, 2006, Petitioner pleaded guilty to both counts pursuant to a written Plea Agreement. The Plea Agreement provided in pertinent part:

> 2.  <u>Agreements by the Defendant</u>.
>
> ...
>
> (c) The defendant agrees that the sentence on both counts of the Superseding Information should run consecutive to each other and further agrees to a sentencing of 96 months. The defendant will not move for a downward departure or reduction of his sentence beyond that agreed to by the government under the terms of this written plea agreement. The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history, criminal history points, as defined by the Sentencing Guidelines.
>
> (d) The defendant further agrees that he will submit to a truthful and complete interview with the government pursuant to U.S.S.G. § 2D1.1(c)(6) and U.S.S.G. § 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases) as a condition to this agreement.
>
> ...

     **3.   Agreements by the Government.**

     **(a) The government will recommend that the defendant receive a 3-level reduction in the computation of his offense level due to his acceptance of responsibility, provided that the defendant qualifies for such a reduction in his interview with the probation officer.**

     **...**

     **(c) The government further agrees to recommend a 2-level reduction in his offense level pursuant to U.S.S.G. § 2D1.1(c)(6) which provides for such reduction where the defendant meets the criteria set forth in subdivisions (1) through (5) of U.S.S.G. § 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases), provided that the probation office agrees that the defendant meets these criteria and that the defendant submits to a truthful and complete interview with the government.**

**There is nothing in the Plea Agreement referring to political asylum for Petitioner.  Pursuant to the Plea Agreement, Petitioner waived his right to appeal and his right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. §§ 2241 or 2255 During the change of plea proceedings, after the Court ascertained that Petitioner understood and agreed to all of the items to which Petitioner and the United States had agreed to, the following colloquy occurred:**

     **Q.   That's the whole agreement in writing about what you are supposed to give and get in return. [¶] Do you have any different understanding, has anybody promised you anything, do you expect to get anything not in writing in this case?**

     **A.   Yes.**

     **Q.   What is that?  What else do you expect to**

```
                get that's not in writing?

                (The defendant and his counsel conferred off
                the record.)

                THE DEFENDANT: No, everything is fine.

                BY THE COURT: Q.  All right.  You don't
                expect, except what we have gone over, what
                the government has agreed to do, you don't
                expect anybody to do anything more for you by
                way of this agreement; is that true, except
                what's in writing?

                A.  Yes.

                Q.  Thank you.  Has anybody put pressure on
                you or forced you to change your plea in this
                case?

                A.  No.
```

There is no mention of political asylum in the Presentence Investigation Report or at sentencing.  Petitioner declined to be interviewed by the Probation Officer prior to sentencing on the advice of counsel.  There is no discussion at Petitioner's sentencing of Petitioner's immigration status or his cooperation with the Government other than that set forth in the Plea Agreement.  Petitioner was sentenced on April 17, 2006 to 96 months incarceration.  Petitioner's claim that he was promised political asylum as part of his plea agreement is not supported by the record.

Political asylum is governed by 8 U.S.C. § 1158 and 8 U.S.C. § 1225(b) and is determined by the Secretary of Homeland Security or the Attorney General of the United States.  This Court has no authority to grant political asylum to Petitioner.  Because political asylum was not part of Petitioner's plea agreement and

cannot be part of the sentence imposed by the Court, this Court has no legal basis to hear or consider Petitioner's motion.

For the reasons stated, Petitioner's motion to grant political asylum is DENIED.

IT IS SO ORDERED.

Dated:   October 14, 2010                         /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE